UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALL L. JOHNSON, III,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B. CATES,<br><br>　　　　　Respondent. | Case No. 2:22-CV-04455-RGK-PD<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |

On June 29, 2022, Petitioner Hall L. Johnson, III, filed a Petition under 28 U.S.C. § 2254 challenging his 2017 state convictions for multiple sex crimes against a minor. The Court issues this Order to Show Cause directed to Petitioner because the face of the Petition suggests that it is an unauthorized second or successive petition.

**I.　Procedural History**

A Los Angeles County Superior Court jury convicted Petitioner of one count of human trafficking of a minor for a commercial sex act, two counts of committing a lewd act upon a child, one count of kidnapping for child molestation, and two counts of forcible rape, in violation of California Penal Code sections 236.1(c)(l), 288(a), 207(b), and 261(a)(2). He was sentenced to

31 years and four months to life in state prison. [*See* Pet. at 2]; [1] *Johnson v. Sullivan*, No. CV 20-1198-RGK (PD) (filed Feb. 6, 2020) ("*Johnson II*"), Dkt. No. 15-1 at 10-14. He appealed, and the California Court of Appeal vacated the sentence and remanded to the trial court for resentencing but otherwise affirmed the judgment.

On remand, Petitioner was resentenced to 40 years and eight months in state prison. He again appealed, the California Court of Appeal affirmed, and the California Supreme Court denied review. *See Johnson II*, Dkt. Nos. 15-2, 15-5 through 15-7.

After the court of appeal vacated his initial sentence, Petitioner filed an unsuccessful state habeas petition in the California Court of Appeal and a premature federal habeas petition in this Court. *See Johnson II*, Dkt. Nos. 15-3, 15-4; *see also Johson v. Sullivan*, No. CV 19-232-RGK (JDE) (filed Jan. 10, 2019) ("*Johnson I*"). He then filed a habeas petition in the California Supreme Court, which denied it on January 22, 2020. *See* Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Hall" with "Johnson" in supreme court) (last visited Aug. 29, 2022).

On February 6, 2020, Petitioner filed a second habeas petition in this Court, asserting three claims challenging his 2017 convictions. On June 15, 2021, the District Judge dismissed the petition on its merits with prejudice. *See Johnson II*, Dkt. Nos. 1, 49, 54, 55. Petitioner then requested a certificate of appealability in the Ninth Circuit Court of Appeals, which denied it on March 30, 2022. He moved for reconsideration, and the Ninth Circuit denied the motion on April 28, 2022. *See id.*, Dkt Nos. 64, 65.

Meanwhile, on October 18, 2021, Petitioner filed a habeas petition in the California Court of Appeal, which denied it on January 20, 2022. [*See* Pet.

---

[1] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

at 3-4]; Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Hall" with "Johnson" in court of appeal, 2d dist.) (last visited Aug. 29, 2022). He then filed a habeas petition in the California Supreme Court, which denied it on June 15, 2022. [*See* Pet. at 4]; Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Hall" with "Johnson" in supreme court) (last visited Aug. 29, 2022).

On June 29, 2022, he filed the instant Petition.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under this procedure, "[a]n individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." *Martinez-Villareal*, 523 U.S. at 641. Thereafter, the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of" the AEDPA. 28 U.S.C. § 2244(b)(3)(C); *Morales v. Ornoski*, 439 F.3d 529, 531 (9th Cir. 2006). If, however, a petitioner files a second petition without obtaining authorization from the appropriate court of appeals to do so, the district court is "without jurisdiction to entertain [the second petition]." *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Here, Petitioner already has filed a federal habeas petition challenging his 2017 convictions, and that petition was denied with prejudice on its merits. *See Johnson II*, Dkt. Nos. 1, 49, 54, 55. He does not allege that he obtained the requisite authorization from the Ninth Circuit Court of Appeals to file a second or successive petition in this Court challenging his 2017

convictions. The current Petition, therefore, appears to be an unauthorized second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (explaining that petition is successive within meaning of § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim *on the merits*") (emphasis in original); *Carranza v. Hill*, No. 2:20-04118 CAS (ADS), 2020 WL 8970749, *2 (C.D. Cal. May 12, 2020) (holding that "dismissal with prejudice constituted a decision on the merits and renders subsequent petitions successive under AEDPA") (citing *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009)).

Moreover, that Petitioner alleges that the Petition's first claim for relief is based on "newly discovered evidence" [*see* Pet. at 5] is not sufficient to overcome the bar on unauthorized second or successive petitions. To be sure, "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb*, 576 F.3d at 1029. But Petitioner fails to explain why any of the Petition's claims could not have been raised in his prior federal habeas petition. What's more, both the Petition's claims concern appellate counsel's failure to challenge on appeal the prosecutor's pretrial actions of amending the information to add counts against Petitioner. [*See* Pet. at 5-11.] Although Petitioner claims to have unearthed a "newly discovered 'minute order'" that purportedly supports his claims, he cites to the trial transcript to show the order's existence. [*See* Pet. at 9, 24-28.] In any event, he undoubtedly knew that he was charged with the crimes of which he was convicted long before he filed his previous federal habeas petition. Thus, he could have asserted his current claims when he filed that petition, rather than attempting to do so now.

Accordingly, it appears that the Court lacks jurisdiction to consider the Petition.

### III. Conclusion

Petitioner is ordered show cause as to why this action should not be dismissed without prejudice as an unauthorized second or successive petition **no later than September 30, 2022**. If Petitioner alleges that he has obtained authorization from the Ninth Circuit to file a second or successive petition challenging his 2017 convictions, he must lodge with the Court the order from the Ninth Circuit authorizing this Petition. Finally, Petitioner is admonished that if he does not file a response to this Order within the time allowed, the Court will recommend that the action be dismissed for lack of jurisdiction and for failure to prosecute.

**IT IS SO ORDERED.**

DATED: August 30, 2022.

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE